**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-02671-KLM

JOHNS MANVILLE CORPORATION, a Delaware corporation, and
JOHNS MANVILLE, a Delaware corporation,

       Plaintiffs,

   v.

KNAUF INSULATION, INC., a Delaware corporation, and
KNAUF INSULATION GMBH, a German corporation,

       Defendants.

---

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

---

## I.    INTRODUCTION

The parties, by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), hereby

stipulate to and move the Court to enter the following protective order concerning the treatment

of confidential information.

## II.    SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties may be required to produce

information that constitutes, in whole or in part, protected information such as trade secrets, non-

public research and development, commercial or financial information, or other information that

may cause harm to the producing party or a non-party. The parties anticipate production of the

following categories of protected information: technical documentation (*e.g.*, technical

specifications for rotary fiberizers including spinner discs and manifolds, manufacturing

1

processes, test results, lab notebooks, vendor specifications and communications), financial

information (*e.g.*, sales numbers, revenue, cost, and profit information), sensitive competitive

business information (*e.g.*, analyses regarding decisions to develop or launch new products,

internal emails, notes, and meeting minutes reflecting strategy discussions regarding new

products, pricing, and competition).

**III.    DESIGNATION OF PROTECTED INFORMATION**

     A.    <u>Scope</u>: This Order governs the production and handling of any protected

information in this action.  Any party or non-party who produces protected information in this

action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of

this Order.  "Designating Party" means the party or non-party who so designates the protected

information; "Receiving Party" means the party or non-party to whom such information was

produced or disclosed.  Whenever possible, the Designating Party must designate only those

portions of a document, deposition, transcript, or other material that contain the protected

information and refrain from designating entire documents.  Regardless of any designations

made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its

protected information outside of this action.  In addition, any party may move to modify or seek

other relief from any of the terms of this Order if it has first tried in writing and in good faith to

resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and

D.C.COLO.LCivR 7.1.

     B.    <u>Application to Non-Parties</u>: Before a non-party is given copies of designated

information as permitted hereunder, it must first sign the acknowledgment to be bound to these

terms that is attached hereto as **Exhibit A**; if it fails to do so, the parties to this action must

resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A**.

      C.    <u>Timing and Provisional Protection</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

      D.    <u>Manner of Designation</u>: Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

## IV.   CHALLENGES TO DESIGNATED INFORMATION

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to D.C.COLO.LCivR 7.1.  The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days.  At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.  The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## V.   LIMITED ACCESS/USE OF PROTECTED INFORMATION

A.   <u>Restricted Use</u>: Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations and for no other purpose, without the written consent of the Designating Party.  No designated information may be disclosed to any person except in accordance with the terms of this Order.  All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained.  This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated

information and consulting with the Designating Party before responding to the subpoena.  Any

use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms

of this Order may subject the disclosing person or party to sanctions.

       B.     <u>Access to "Confidential" Information</u>: The parties and all persons subject to this

Order agree that information designated as "CONFIDENTIAL" may only be accessed or

reviewed by the following:

      1.   The Court, its personnel, and court reporters;

      2.   Counsel of record for any party in this action and their employees who assist

           counsel of record in this action and are informed of the duties hereunder;

      3.   The parties, including their agents and employees who are assisting or have

           reason to know of this action, so long as each such agent or employee has

           signed the acknowledgment to be bound to these terms that is attached hereto

           as **Exhibit A**;

      4.   Experts or consultants employed by the parties or their counsel for purposes of

           this action, so long as each such expert or consultant has signed the

           acknowledgment to be bound to these terms that is attached hereto as **Exhibit**

           **A**; and

      5.   Other witnesses or persons with the Designating Party's consent or by court

           order, so long as each such witness or person has signed the acknowledgment

           to be bound to these terms that is attached hereto as **Exhibit A**.

C.      Access to "Attorneys' Eyes Only" Designations: The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1.  The Court, its personnel, and court reporters;

2.  Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3.  Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A** and as to whom the procedures set forth in Paragraph V.E. below have been followed; and

4.  Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order, so long as each such witness or person has signed the acknowledgment to be bound to these terms that is attached hereto as **Exhibit A.**

D.      Client Consultation: The parties understand and agree that in the context of settlement discussions, it may be necessary to provide corporate decision-makers with access to certain "Attorneys' Eyes Only" financial information of the other party.  If this occurs, the parties agree to work in good faith to identify any such relevant information and to coordinate to share such information, in all instances conditioned upon the prior written consent of the Designating Party.  Nothing in this Order shall prevent counsel from relying on examination of designated information to render advice to their respective clients who are parties to this

litigation, provided all requirements of this Protective Order are observed, including all requirements pertaining to "Attorneys' Eyes Only" information.

   E. <u>Procedures for Approving/Objecting to Disclosure of "Attorneys' Eyes Only"</u> <u>Information/Items to Experts</u>: Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a party that seeks to disclose to an expert or consultant any information or item that has been designated "Attorneys' Eyes Only" pursuant to Paragraph V.C.3 above first must make a written disclosure to the Designating Party that (1) sets forth the full name of the person and the city and state of his/her primary residence, (2) attaches a copy of the person's current resume, (3) identifies the person's current employer(s), (4) identifies each source from whom the person has received compensation or funding for work in his/her areas of expertise or to whom the person has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies any litigation in connection with which the person has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. A party that has made such a written disclosure and provided the information specified may disclose the subject protected information to the identified person unless, within seven days of delivering the disclosure, the party receives a written objection from the Designating Party. A party that receives a timely written objection must meet and confer to try to resolve such objection in good faith on an informal basis with the Designating Party pursuant to D.C.COLO.LCivR 7.1 within seven (7)

---

[1] If the expert believes any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert shall be available to meet and confer with the Designating Party regarding any such engagement.

days of the written objection.  If no agreement is reached, the party seeking to make the

disclosure to the expert may request a telephonic conference with the Magistrate Judge to discuss

the issue, following which the party may move for an order seeking permission from the court to

make the disclosure.  In any such proceeding, the party opposing disclosure to the expert shall *KLM*

bear the burden of proving that the risk of harm that the disclosure would entail (under any

safeguards proposed) outweighs the Receiving Party's need to disclose the protected information

to its expert. *All motions regarding discovery or disclosure of confidential information shall be made pursuant to MJ Mix's discovery procedures.*

        F.     Review of Witness Acknowledgments: At any time and for any purpose,

including to monitor compliance with the terms hereof, any Designating Party may demand to

review all executed copies of **Exhibit A** in any Receiving Party's possession.  The Receiving

Party must, within three (3) business days of the demand, provide all such copies to the

Designating Party making the demand.

        G.     Non-Waiver Effect of Designations: Neither the taking of, nor the failure to take,

any action to enforce the provisions of this Order, nor the failure to object to any designation,

will constitute a waiver of any party's claim or defense in this action or any other action or

proceeding, including but not limited to a claim or defense that any designated information is or

is not confidential, is or is not entitled to particular protection, or embodies or does not embody

information protectable by law.

        H.     In-Court Use of Designated Information: If information designated pursuant to

this Order will or may be offered in evidence at a hearing or trial, then the offering party must

give advance notice to the party or non-party that designated prior to offering the information so

that any use or disclosure may be addressed in accordance with the Court's case-management or

other pre-trial order, or by a motion *in limine*. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

      I.    <u>Prosecution Bar</u>: Absent written consent from the Designating Party, any individual who receives access to "Attorneys' Eyes Only" information shall not be involved in the prosecution of patents or patent applications relating, in whole or in part, to the design, composition, fabrication, manufacture, and operation of rotary fiberizers, including spinner discs and manifolds, including without limitation the patent(s) asserted in this action and any patent or application claiming priority to or otherwise related to the patent(s) asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of claims in a pending patent application. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, or *inter partes* review) or representing or advising a patent owner in such an agency proceeding. This Prosecution Bar shall not prevent any affected individual from disclosing non-confidential prior art or non-confidential discovery or Court filings to an attorney involved in prosecution for purposes of ensuring that such prior art is submitted to the Patent Office (or any similar agency of a foreign government), to assist a patent applicant or patentee in complying with its duty of candor. This Prosecution Bar shall begin when access to "Attorneys' Eyes Only" information is first received by the affected individual and shall end two (2) years after final termination of this action.

## VI.   CLAW-BACK REQUESTS

A.   <u>Failure to Make Designation</u>: If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the claw-back notification).  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

B.   <u>Inadvertent Production of Privileged Information</u>: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection.  The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the

information subject to the claimed protection. The parties must also comply with

D.C.COLO.LCivR 7.1 before seeking Court intervention to resolve any related dispute.

## VII.   DURATION/CONTINUED RESTRICTIONS

A.   <u>Handling of Designated Information Upon Conclusion of Action</u>: Upon

conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for

ensuring that any party or person to whom the party shared or disclosed designated information

in this action returns or destroys all of its copies, regardless of the medium in which it was

stored. Within sixty (60) days after the later of dismissal of this action or expiration of all

deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all

designated information hereunder has been destroyed by all parties and witnesses for whom that

party is responsible. No witness or party may retain designated information that it received from

any other party or non-party under this Order; only counsel of record are the authorized agents

who may retain one copy for their respective legal files, and who must also describe to the

Designating Party the extra steps taken to seal its legal file containing paper and/or electronic

copies of the designated information so that it is not accessed, used, or disclosed inconsistently

with the obligations under this Order. This provision does not apply to the Court or Court staff.

B.   <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of

confidential information survive the conclusion of this action.

## VIII.   USE OF INFORMATION IN COURT PROCEEDINGS

A.   <u>Status Between Parties Survives In-Court Use</u>: In the event confidential

information is used in any court filing or proceeding in this action, including but not limited to its

use at trial, it shall not lose its confidential status as between the Parties through such use.

B.      Sealing Court Records: Confidential information and pleadings or briefs quoting or discussing confidential information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action except by court order issued upon motion of the party seeking to file the documents under seal.  Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.  In the event a Party seeks to use, quote, or discuss confidential information in pleadings, briefs, or in open court, the Party doing so shall move to file the information with the court "under seal."  Any such motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the confidential information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (information that might harm litigant's competitive standing ) (cited in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). When possible, only confidential portions of filings with the Court shall be filed under seal.

## IX.    OTHER MATTERS

Entering into, agreeing to, and/or producing or receiving designated information or otherwise complying with the terms of this Order shall not:

A. Operate as an admission by any Receiving Party that any information designated as "Confidential" and/or "Attorneys' Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

B. Prejudice in any way the rights of any party to object to the production or use of documents, electronically stored information, and/or things it considers not subject to

12

discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "Confidential" and/or "Attorneys' Eyes Only" information;

C.  Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence subject to this Order;

D.  Prejudice in any way the rights of any party to seek a determination by the Court whether any discovery material or designated information should be subject to the terms of this Order;

E.  Prejudice in any way the rights of any party to petition the Court for a further protective order related to any purportedly "Confidential" and/or "Attorneys' Eyes Only" information;

F.  Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein; or

G.  Preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

DATED this 7ᵀᴴ day of April , 20 16 .

BY THE COURT:

_____

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

/s/ David E. Sipiora
**David E. Sipiora**
E-mail: dsipiora@kilpatricktownsend.com
**Laura K. Mullendore**
E-mail: lmullendore@kilpatricktownsend.com
**Miranda C. Rogers**
E-mail: mrogers@kilpatricktownsend.com
**Kevin M. Bell**
E-mail: kbell@kilpatricktownsend.com
Kilpatrick Townsend & Stockton LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
FAX: (303) 571-4321

*Attorneys for Plaintiffs Johns Manville*
*Corporation and Johns Manville*

/s/ Spiro Bereveskos
**Spiro Bereveskos**
E-mail: judy@uspatent.com
**Daniel J. Lueders**
E-mail: dlueders@uspatent.com
Woodard Emhardt Moriarty McNett & Henry
LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204
Telephone: (317) 634-3456
FAX: (317) 637-7561

**Duane Roger Denton**
E-mail: ddenton@bdglegal.com
Bingham Greenebaum Doll LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 968-5370
FAX: (317) 236-9907

**Perry L. Glantz**
E-mail: perry.glantz@stinsonleonard.com
Stinson Leonard Street LLP
6400 South Fiddlers Green Circle, Suite 1900
Greenwood Village, CO 80111
Telephone: (303) 376-8400
FAX: (303) 376-8439

*Attorneys for Defendants Knauf Insulation,*
*Inc. and Knauf Insulation GmbH*

14

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-02671-KLM

JOHNS MANVILLE CORPORATION, a Delaware corporation, and
JOHNS MANVILLE, a Delaware corporation,

      Plaintiffs,

   v.

KNAUF INSULATION, INC., a Delaware corporation, and
KNAUF INSULATION GMBH, a German corporation,

      Defendants.

---

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

The undersigned acknowledges having been provided with and having read the

"Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further

agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions,

and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective

Order, including enforcement of its terms.

_____    _____
Date